# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JERMAINE JACOB WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CV406-111 |
| ) | |
| OFFICER ROGERS, SHERIFF ) | |
| AL. ST. LAWRENCE, and ) | |
| COLONEL HOLMES, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983.  Doc. 1.

On May 2, 2006, this Court granted plaintiff leave to proceed *in forma*

*pauperis* on the condition that he return a Prisoner Trust Account

Statement form and a Consent to Collection of Fees from Trust Account

form within thirty days of the order.  The Court informed plaintiff that his

failure to return these forms would result in a recommendation that this

case be dismissed.  Plaintiff has returned the two forms; the case is

therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff seeks financial compensation for injuries he suffered after being thrown into a wall by Officer Rogers at the Chatham County Detention Center. According to the complaint, this vicious attack (which necessitated stitches to plaintiff's head and fingers) violated jail policy. In a grievance form attached to the complaint, plaintiff makes clear that Rogers attacked him without provocation and over the objections of another

correctional officer, who urged Rogers to leave plaintiff alone. Such allegations of the malicious and sadistic use of excessive physical force by a correctional officer state a violation of the Eighth Amendment proscription against cruel and unusual punishment and furnish grounds for relief under 42. U.S.C. §1983. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Davis v. Locke, 936 F.2d 1208, 1212 (11th Cir. 1991). Service on Officer Rogers is proper at this time.

As for the remaining defendants, plaintiff has failed to state a colorable claim under §1983 against Chatham County Sheriff Al St. Lawrence or Colonel Holmes. Plaintiff alleges that the sheriff failed to protect him from bodily harm by ensuring that his employees did not "violate any of his rules [and] regulations" and that the Sheriff "knew or should have known" that Officer Rogers has "violent tendencies." Doc. 1. He also alleges that Colonel Holmes never checked his log book to see what incidents had occurred while Holmes was "off duty" and that he should have interviewed plaintiff "to get his side of the incident." Id.

Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Department of Social Services of New York, 436

3

U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the injury allegedly sustained. Cottone v. Jenne, 1352, 1360 (11th Cir. 2003); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or promulgated an official policy or failed to act after a history of widespread abuse put the official on notice of the need to take corrective action. Cottone, 326 F.3d at 1360; Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d at 1320. A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n., 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). "'The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

4

Here, plaintiff does not allege that Sheriff St. Lawrence personally participated in the use of excessive force or that he promulgated any policy that led to a violation of his Eighth Amendment rights.  Indeed, plaintiff concedes that Officer Rogers' actions violated the sheriff's own rules and regulations governing jail administration.  Plaintiff does suggest, however, that the sheriff "knew or should have known" that Officer Rogers had a propensity for violence.[1]  Doc. 1.  Without more, such a conclusory allegation does not meet the rigorous standard required to establish supervisory liability.  Plaintiff fails to allege any facts which would demonstrate that the sheriff knew that Officer Rogers' regularly assaulted or abused inmates under his charge and then failed to take appropriate corrective action.  Plaintiff has failed to establish a causal connection

---

[1]In cases involving inmate-on-inmate violence, a claim that a jailer had knowledge that an inmate was "prone to violence" is insufficient to establish liability under the Eighth Amendment, for the plaintiff must not only show that he was exposed to "a substantial risk of serious harm" but also that the defendant prison official was subjectively aware of that risk and disregarded it. Farmer v. Brennan, 511 U.S. 825, 834, 837-38 (1994); Carter v. Galloway, 352 F.3d 1346, 1849-50 (11th Cir. 2003). Similarly, an allegation that the sheriff "knew or should have known" of the guard's "violent tendencies" simply does not allege the type of criminal recklessness required in order to hold the sheriff responsible for failing to protect an inmate from harm. See Farmer, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); Carter, 352 F.3d at 1349 (prison officials' knowledge that plaintiff's cellmate was a "problem inmate" who was "prone to violence" and had been acting "crazy" was not enough to satisfy the subjective awareness requirement and hold the officials responsible for failing to protect plaintiff from attack).

between any acts or omissions of Sheriff St. Lawrence and his injuries. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Sheriff St. Lawrence and should be DISMISSED.

Plaintiff also fails to allege that Colonel Holmes personally participated in this use of excessive force or that he promulgated any policy that led to a violation of his Eighth Amendment rights. Instead, plaintiff alleges that Colonel Holmes (Officer Rogers' supervisor) simply failed to check his log book to determine whether any incidents occurred during his absence from the jail and failed to obtain plaintiff's side of the story. This allegation falls short of the rigorous standard required to maintain a supervisory liability claim. Plaintiff's compliant fails to allege that Colonel Holmes was deliberately indifferent to a threat to plaintiff's safety. Plaintiff has therefore failed to establish a causal connection between his injuries and the acts or omissions of Colonel Holmes, a required element of his §1983 claim. See Brown, 906 F.2d at 671 (supervisory liability occurs when there is a causal connection between actions of supervisory official and alleged constitutional deprivations); see also Gonzalez v. Reno, 325 F.3d 1228, 1228 (11th Cir. 2003). Accordingly, plaintiff's complaint fails to

state a claim upon which relief may be granted against defendant Colonel

Holmes, and this defendant should be DISMISSED.

Based on the foregoing evidence, plaintiff's complaint should be

served only upon Officer Rogers. Plaintiff's complaint against defendants

Sheriff Al St. Lawrence and Colonel Holmes should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 22nd day of

**August, 2006.**

<u>                                   </u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA