**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**



| | |
|---|---|
| JERMAINE JACOB WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-111 |
| ) | |
| OFFICER R. ROGERS, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On March 27, 2007, plaintiff filed a declaration for entry of default. Doc. 13. Because defendant had not timely filed an answer or Rule 12 motion, the Court entered defendant's default. Doc. 14.

Defendant has filed a motion to vacate default judgment and to open the default. Doc. 17. Defendant contends that he never received the waiver of service which the Marshal sent to him at the Chatham County Sheriff's Department because he was out on sick leave after having spinal surgery. Id., Rogers Aff. Instead, the waiver was served on Sergeant Rogers in another section of the department. Id. Sergeant Rogers

forwarded the envelope to Lieutenant Ancrum, who gave it to defendant when defendant returned to the jail. Id. Defendant claims that he did not realize that the paperwork was a waiver of service since a process server or officer of the Court had served him personally in all of the previous lawsuits in which he was involved, and he thought that the paper was simply informational. Id. Defendant executed the waiver without realizing its meaning and without giving notice to his employer. Id.

The Court entered defendant's default on April 2, 2007. Doc. 14. As a result, defendant became aware of the lawsuit on April 3, 2007 and filed an answer on April 5, 2007. Doc. 15.

Defendant contends that the court may vacate its entry of default pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that the Court may relieve a party from a final judgment in an action on account of mistake, inadvertence, surprise, or excusable neglect. Doc. 17. Rule 60, however, is inapplicable in this case, since the Court has entered only a default against defendant rather than a default judgment. Federal Rule of Civil Procedure 55(c) is the appropriate means for setting aside the entry of a default. Fed. R. Civ. P. 55(c) merely requires "good cause"

to set aside an entry of default.[1] "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citing <u>Coon v. Grenier</u>, 867 F.2d 73, 76 (1st Cir. 1989)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." <u>Dierschke v. O'Cheskey</u>, 975 F.2d 181, 184 (5th Cir. 1992); <u>see</u> <u>also</u> <u>Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.</u>, 33 B.R. 996 (N.D. Ga. 1983)("Factors considered in determining whether a default should be set aside include: whether the defaulting party has presented a plausible excuse explaining the reasons for the default, whether the defaulting party acted promptly to vacate the default, whether the defaulting party asserts a meritorious defense, and whether the non-defaulting party will be prejudiced by setting aside the default.")

---

[1] "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." <u>EEOC v. Mike Smith Pontiac GMC, Inc.</u>, 896 F.2d 524, 527-28 (11th Cir. 1990).

Defendant has shown a good-faith misapprehension of the waiver of service that he signed, and he filed an answer with a meritorious defense promptly after becoming aware of the existence of the lawsuit. Doc. 17. As such, defendant has shown good cause for setting aside the entry of default.

Although defendant has demonstrated good cause for his delay, the Court will not vacate the default if plaintiff shows that he will be prejudiced by this action. "Prejudice is not shown by the simple delay that will inherently attend in resolving a case from the setting aside of a judgment." 12 Moore's Federal Practice § 60.22[2] at 60-68 (3d ed. 1999). Rather, prejudice is shown where evidence has been lost, destroyed, or will be more difficult to obtain, or where plaintiff's costs will increase to an unfair degree as a result of setting aside the default. See id.; Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998). Plaintiff has not shown that he will be prejudiced by the setting aside of the entry of default. Accordingly, defendant's motion is GRANTED.

**SO ORDERED** this _13th_ day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA